**Wanda P. HINES, Plaintiff,**

v.

**BRANDON STEEL DECKS, INC., Defendant.**

**Civ. No. 87–134–ALB/AMER(DF).**

United States District Court, M.D. Georgia, Albany/Americus Division.

Jan. 16, 1991.

**200**

Samuel W. Oates, Jr., Columbus, Ga., for plaintiff.

Pat Huddleston, II, B. Morris Martin, Scott M. Klauber, McKenzie & McPhail, Atlanta, Ga., for defendant.

FITZPATRICK, District Judge.

Plaintiff Wanda P. Hines, whose husband died on January 12, 1987, when he fell from a structure that collapsed under the weight of misplaced steel decking, filed a wrongful death action against the defendant Brandon Steel Decks, Inc., alleging that it negligently caused the death of her husband. The case came to trial before the court sitting with a jury on the 11th, 12th, and 13th day of July, 1988.

At the trial, the defendant tendered into evidence a report prepared by an Occupational Safety and Health Administration (OSHA) investigator concerning the January 12, 1987, incident which resulted in the death of the plaintiff's husband. The court ruled, however, that pursuant to the Eleventh Circuit Court of Appeals' holding in *Rainey v. Beech Aircraft Corp.*, 827 F.2d 1498 (11th Cir.1987), *aff'd in part and rev'd in part*, 488 U.S. 153, 109 S.Ct. 439,

102 L.Ed.2d 445 (1988), opinions and conclusions contained in the OSHA report submitted by the defendant were not admissible in the case.[1] The defendant appealed that decision which the Eleventh Circuit Court of Appeals reviewed and remanded based on the fact that the legal standard it set out in *Rainey*, which this court relied upon, had subsequently been overturned by the Supreme Court of the United States. *Hines v. Brandon Steel Decks, Inc.*, 886 F.2d 299 (11th Cir.1989). The court, therefore, must now reconsider the admissibility of previously excluded portions of the OSHA report submitted by the defendant in light of the Supreme Court's recent reversal of *Rainey*.

The court's determination of admissibility is guided by the United States Supreme Court's finding in *Rainey* that "[a] trial judge has the discretion, and indeed the obligation, to exclude an entire report or portions thereof-whether narrow 'factual' statements or broader 'conclusions'-that [ ]he determines to be untrustworthy. Moreover, safeguards built in to [sic] other portions of the Federal Rules, such as those dealing with relevance and prejudice, provide the court with additional means of scrutinizing and, where appropriate, excluding evaluative reports or portions of them." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 109 S.Ct. 439, 448-49, 102 L.Ed.2d 445 (1988). An inquiry into the trustworthiness, relevance, and possible prejudice of the OSHA report involved in this case leads the court to conclude that the previously excluded portions of the OSHA report should not be admitted into evidence.

The trustworthiness of the excluded portions of the OSHA report are suspect for a number of reasons. First, the court is not convinced that the OSHA investigator who

---

[1]. The court excluded the following "opinions" and "conclusions" recounted in the OSHA report:
    1. Mr. Richard Burrows was a Conn–Delmar employee "loaned" from Brandon Steel;
    2. Conn–Delmar was the employer of both (deceased) men at the time of the accident;
    3. Conn–Delmar's foreman controlled the work;

    4. It was Conn–Delmar's idea that the decking be placed on the joists that morning;
    5. No evidence exists that Brandon Steel had control over the work being done at the time of the accident;
    6. At no time did any Brandon Steel employees have control over the operation.

compiled the report has the necessary expertise in deciding legal issues of agency; which is what he attempts to do in the excluded portions of his report. Second, the investigator, who had no first hand knowledge of the events in question, gathered information without holding any type of hearing or affording interested parties an opportunity to cross-examine witness. A final factor affecting the trustworthiness of the report is that the plaintiff was not, and is not, assured of an opportunity to cross examine the investigator who drafted the OSHA report since federal law generally prohibits OSHA investigators from testifying in private civil litigation. *See* 29 C.F.R. § 2.20 *et seq.; Hines*, 886 F.2d at 303.

Questions of relevancy and prejudice also argue against admitting the previously excluded portions of the OSHA report. The excluded portions of the report are limited in their relevance because both parties had the opportunity to, and did, present evidence on the question of agency other than that contained in the OSHA report. Furthermore, the jury had access to the same information used by the OSHA investigator to reach his excluded opinions and conclusions since the witnesses who gave testimony to the investigator also testified at the trial.

Admission of the excluded portions of the OSHA report could also have an unwarranted prejudicial effect on plaintiff's case; prejudice that could result from the jury placing too much weight on the OSHA investigator's questionable determinations regarding ultimate issues which the jury itself is responsible for deciding. That danger of unfair prejudice substantially outweighs the probative value of the findings contained in the OSHA report.

Lack of trustworthiness combined with limited relevance and the likelihood of substantial prejudicial effect convince the court that the previously excluded portions of the OSHA report should remain inadmissible. Accordingly, defendant's request that the portions of the OSHA report excluded during the trial of this case be admitted into evidence is hereby DENIED. The judgment of the court rendered in this case therefore stands as issued on July 21, 1988.

SO ORDERED.